# Franklin County Special Education Center Joint Authority v. W. R. Grace

*Jan G. Sulcove,* for plaintiffs.
*J. McDowell Sharpe,* for defendant Bird Inc.

WALKER, *J.,* September 23, 1986—Plaintiffs, Franklin County Special Education Joint Authority and Franklin County Special Education Center Joint Committee, contracted with architects, a general contractor, a roofing subcontractor, and other entities to build a special education center. Approximately six years after completion of the center, the roof began leaking as a result of blistering and cracking of the roofing membrane that was designed, manufactured and supplied by defendant, Bird & Son Inc.

Plaintiffs allege that, as a result of the leaking, saturated tiles fell from ceilings, rugs became warped, and the building's electrical system was damaged. Plaintiffs filed a complaint in March 1986, to recover for these damages. Their complaint asserts various theories of liability, including breach of warranty, strict liability, and negligence. Defendant responded with several preliminary objections; the only one still in dispute is whether plaintiffs may sue in strict liability for damage to property other than the roof itself. Both parties briefed and argued

the matter.

Defendant states that plaintiff cannot recover for damage to the building's rugs, walls, and ceilings under strict liability in tort. Since these are only "economic losses," defendant contends, plaintiff may only sue in contract.

It is true that, under Pennsylvania law, one who sues for purely economic loss must sue in contract rather than tort. *Industrial Uniform Rental Co. v. International Harvester Co.,* 317 Pa. Super. 65, 463 A.2d 1085, (1983). *Johnson v. General Motors Corp.,* 349 Pa. Super. 147, 502 A.2d 1317 (1986).

However, "economic loss" only refers to loss of benefit of a contractual bargain; it does not encompass damage to people or to other property that is caused by defendant's product. A plaintiff who alleges that a latent defect in defendant's product has caused a risk of injury to people or to plaintiff's other property may bring a claim in products liability. *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.,* 652 F.2d 1165 (3d Cir., 1981). *Philadelphia National Bank v. Dow Chem. Co.,* 605 F.Supp. 60 (E.D. Pa., 1985). This is exactly what plaintiffs here have done. Accordingly, defendant's preliminary objection that plaintiffs fail to state a cause of action for strict liability must be dismissed.

The cases that defendant cites, *Industrial Uniform* and *Johnson,* are factually inapposite to the present controversy. Both of those cases involved purely economic losses. Also, plaintiffs in those cases did not demonstrate that defendants' products caused some risk of harm to people or to plaintiffs' other property.

In *Industrial Uniform,* plaintiff sued to recover the cost of repairing cracks that had appeared in the frames of trucks purchased from defendant. The court found that since plaintiff had only pleaded

economic loss and since there was no real evidence of potential harm to persons or to other property, defendant was entitled to summary judgment on plaintiff's tort claim.

Similarly, plaintiff in *Johnson* sought damages for the premature deterioration of her car's transmission. That court found that there was no latent defect or sudden occurrence that caused plaintiff's transmission to break down. The only property injured was the product itself and there was no evidence of risk of harm to other property; therefore, the court concluded, plaintiff was limited to pursuing a contractual action for loss of bargain.

As stated above, plaintiffs here have pleaded that rugs, walls, and ceilings were damaged as a result of a latent defect in defendant's roof. The present case is somewhat similar to the facts in *Pittsburgh National Bank*. In that case, plaintiff alleged that defendant's defective product, a component in the building's mortar, caused a cracking of the building's exterior masonry. Plaintiff sought recovery for costs to repair and inspect the building, loss of its use, loss of customers, and loss of employee time. That court found that since plaintiff suffered more than economic loss and since defendant's product exposed people and other property to risk of damage, that plaintiff could proceed on a products liability claim.

This court is compelled to adopt the rationale and conclusion of *Pittsburgh National Bank*. Plaintiffs have pleaded the requisite elements that, if proven, would entitle them to relief under a strict liability cause of action.

## ORDER

September 23, 1986, defendant's preliminary objections are dismissed.